IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Nos. 4:12-CR-126-1FL
4:15-CV-4-FL

| ERNEST JOSHON WRIGHT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on January 5, 2015 [DE #68]. The government has moved to dismiss [DE #85] for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded [DE #95]. This matter has been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and that Petitioner's claims be dismissed for failure to state a claim.

## STATEMENT OF THE CASE

On March 13, 2013, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, oxycodone, methadone, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of felon in possession of a firearm, in violation of 18 U.S.C §§ 922(g)(1) and 924. On April 8, 2014, the court sentenced Petitioner to a 78-month term of imprisonment. Petitioner appealed his sentence. On October 23, 2014, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

**DISCUSSION**

Petitioner asserts six arguments in support of his § 2255 motion: (1) the magistrate judge did not have authority to accept Petitioner's plea; (2) the magistrate judge erred by not addressing Petitioner personally; (3) Petitioner's trial counsel was ineffective by providing erroneous advice regarding sentencing; (4) Petitioner's trial counsel was ineffective for failing to object to incorrect information considered by the court; (5) Petitioner's trial counsel was ineffective for allowing Petitioner to consent to magistrate judge jurisdiction in entering his guilty plea; and (6) Petitioner's appellate counsel was ineffective for failing to raise violation of the Federal Magistrates Act. Thus, he requests that this court vacate his sentence and remand his case for resentencing.

**I.      Rule 11 Hearing**

The magistrate judge had authority to take Petitioner's guilty plea at Petitioner's Rule 11 hearing and personally addressed Petitioner as required. "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3). Conducting a Rule 11 hearing falls within the "additional duties" that may be performed by a magistrate judge. *United States v. Osborne*, 345 F.3d 281, 288 (4th Cir. 2003). "The entitlement to an Article III adjudicator is a 'personal right' and thus ordinarily 'subject to waiver.'" *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944 (2015) (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986)). Further, "'[t]he most basic rights of criminal defendants are . . . subject to waiver.'" *Sharif*, 135 S. Ct. at 1943 (quoting *Peretz v. United States*, 501 U.S. 923, 936 (1991)). As long as an Article III adjudicator retains "supervisory authority over the process," magistrate judges may "decide claims submitted to them by consent." *Sharif*, 135 S. Ct. at 1944.

Here, Petitioner signed a consent form waiving his right to have his Rule 11 hearing conducted by an Article III judge. Moreover, the court asked Petitioner, "[I]s it your knowing and voluntary desire that for the purpose of conducting your arraignment and taking your plea this morning, that these proceedings may be conducted in front of me . . . a U.S. Magistrate Judge?" (Rule 11 Tr. at 8 [DE #63].) Petitioner responded, "Yes, sir." (*Id.*) Petitioner does not contend that his waiver was not knowing and voluntary, but he contends that the magistrate judge lacked authority to hold the hearing and take Petitioner's plea. After obtaining Petitioner's knowing and voluntary consent, the magistrate judge was within his authority to hold the Rule 11 hearing and accept Petitioner's guilty plea.

Next, the magistrate judge did not err by giving the advice of rights to the group of defendants as opposed to advising Petitioner separately. Rule 11 requires that "[b]efore a court accepts a plea of guilty . . . , the defendant may be placed under oath, and the court must address the defendant personally in open court." Fed. R. Crim. P. Rule 11(b). "During this address, the court must inform the defendant of, and determine that the defendant understands" his rights, his waiver of rights, the nature of the charges, the minimum and maximum penalties, and the terms of the plea agreement, *inter alia*. Fed. R. Crim. P. Rule 11(b).

It is the practice of this court to give the advice of rights to all defendants and then to conduct an inquiry of each defendant, individually, pursuant to Rule 11. That is an acceptable practice and was, in fact, the procedure followed by the magistrate judge in Petitioner's case. The magistrate judge complied with Rule 11, advising Petitioner of his rights in a group setting. Petitioner's case was then addressed individually without other defendants present. Petitioner was placed under oath, and after appropriate inquiry of Petitioner, his attorney and counsel for the government, Petitioner was found competent to appear, to understand the nature of the court

proceedings and to enter a plea to the charges. (Arraignment Tr. at 8-9.) Prior to accepting Petitioner's plea, the court conducted the requisite Rule 11 colloquy, asking Petitioner, among other things: "[D]id you hear and understand my explanation of your rights this morning?" "[D]id you receive a copy of the indictment in your case?" "And you understand what you're charged with under those counts contained in the indictment?" (Arraignment Tr. at 10.) As to each of these questions, Petitioner responded, "Yes, sir." (Arraignment Tr. at 10.) Petitioner was then advised of the penalties faced and responded affirmatively when asked "[D]o you understand the charges that are filed against you and the maximum penalties that you face with respect to those charges?" (Arraignment Tr. at 13.) Pursuant to the court's practice, the magistrate judge further reviewed Petitioner's plea agreement and ensured that Petitioner's guilty plea was made knowingly and voluntarily and was supported by a factual basis containing each of the essential elements of the offenses to which Petitioner pled guilty. The court's inquiry satisfied the requirements under Rule 11, and this claim should therefore be dismissed.

## II. Ineffective Assistance of Counsel

Petitioner next argues that his trial attorney was ineffective in the following three ways: (1) providing erroneous sentencing information; (2) failing to object to incorrect information considered by the court; and (3) allowing Petitioner to consent to magistrate jurisdiction. Petitioner further contends that his appellate counsel was ineffective for failing to object to the magistrate judge's jurisdiction on appeal. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at

4

694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Petitioner's assertions that his trial attorney was ineffective for allowing Petitioner to consent to the jurisdiction of the magistrate judge and that his appellate attorney was ineffective for failing to raise that issue on appeal necessarily fail. As explained above, the magistrate judge was within his authority to accept Petitioner's plea, and he did not err in advising Petitioner of his rights while at the same time advising two other defendants of theirs. Therefore, these two claims of ineffective assistance of counsel should be dismissed.

Next, assuming trial counsel provided erroneous information regarding sentencing, Petitioner has not established he was prejudiced by the misinformation. "'[I]f the information given by the court at the Rule 11 hearing corrects . . . earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant.'" *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (quoting United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993)). If the court "properly informed [the defendant] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him." *Foster*, 68 F.3d at 88. Petitioner was advised at his initial appearance and at his arraignment that under count one he could be sentenced up to twenty years' imprisonment and under count nine he could be sentenced up to ten years' imprisonment. (Arraignment Tr. 11-12.)

However, if found to be an armed career criminal on count nine, he could be sentenced to between fifteen years' imprisonment and life imprisonment. (Arraignment Tr. 12.) After being informed of the penalties, Petitioner stated that he understood the penalties he faced. (Arraignment Tr. at 11-13.) Thus, he was not prejudiced by misinformation provided by his attorney.

Finally, Petitioner contends that his trial attorney was ineffective for failing to object to incorrect information considered by the court at sentencing. Petitioner maintains that the court was incorrect in that it "credited" the government for conceding there was insufficient evidence to support a four-level enhancement for trafficking in firearms, because it was defense counsel that demonstrated to the government there was no such basis. Additionally, Petitioner reports that the court inappropriately considered him a "very dangerous person." Petitioner asserts that counsel's failure to object to the court's actions led to the imposition of an unreasonable sentence.

The statement "crediting" the government's decision to not object to the four-level enhancement for trafficking in firearms did not prejudice Petitioner. In fact, the four-level enhancement was removed; and, as a result, Petitioner's guideline sentencing range was reduced. Counsel's actions in this regard were part of a strategic decision that should not be second-guessed by the court. *See Hamilton v. United States*, No. 7:10-CR-117-H, 7:13-CV-189-H, 2014 WL 6977757, at *2 (E.D.N.C. Dec. 9, 2014). Additionally, the decision to not object to the characterization of Petitioner as a "very dangerous person" during the court's pronouncement of Petitioner's sentence was also strategic. The court's characterization was based on evidence in the record showing that although Petitioner has been shot numerous times and stabbed once, "it hasn't dissuaded [him] from a life of crime; in fact, a life of crime involving firearms." (Sentencing Tr. 14-15 [DE #62].) Therefore, Petitioner's ineffective assistance of counsel claims should be dismissed.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's Motion to Dismiss [DE #85] be GRANTED and Petitioner's Motion to Vacate [DE #68] be DISMISSED for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. The parties are hereby advised as follows:

You shall have until **June 20, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins,* 766 F.2d 841, 846-47 (4th Cir. 1985).

This 1st day of June 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge