IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CR-126-FL-1
NO. 4:15-CV-4-FL

| | |
|---|---|
| ERNEST JOSHON WRIGHT, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 68), and the government's motion to dismiss, (DE 85), to which petitioner filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank, entered memorandum and recommendation ("M&R") (DE 96), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner filed objections to the M&R, motion to expand the record (DE 109), and supplemental materials in support of the motion to vacate. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, grants respondent's motion to dismiss, grants the motion to expand the record, and denies the motion to vacate.

**BACKGROUND**

Indictment filed November 28, 2012, charged petitioner with ten counts: 1) conspiracy to distribute cocaine, oxycodone, methadone, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one); 2) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (counts two and

three); 3) distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) (counts four and five); 3) distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) (count six); 4) distribution of methadone in violation of 21 U.S.C. § 841(a)(1) (count seven); 5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count eight); 6) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924 (count nine); and 7) possession of a machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) (count ten).

Petitioner pleaded guilty, pursuant to a written plea agreement, on March 13, 2013, to counts one and nine, with remaining counts to be dismissed. Petitioner was sentenced on April 8, 2014, to a total term of imprisonment of 78 months. Petitioner appealed, and the Fourth Circuit dismissed in part and affirmed in part. Petitioner filed the instant motion to vacate on January 5, 2015, asserting six claims: 1) the magistrate judge did not have authority to preside over his guilty plea and Rule 11 hearing; 2) that trial counsel was ineffective for allowing a magistrate judge to preside over petitioner's Rule 11 hearing; 3) that appellate counsel was ineffective for failing to challenge on appeal the fact that the magistrate judge presided over petitioner's Rule 11 hearing; 4) that the magistrate judge erred by not personally addressing petitioner in open court during the Rule 11 hearing; 5) that trial counsel was ineffective by providing an inaccurate forecast of petitioner's likely sentence if he pleaded guilty; and 6) that sentencing counsel was ineffective in allowing petitioner to be sentenced "based on incorrect information." The government moves to dismiss on the basis that several claims are procedurally defaulted and all claims are without merit.

# COURT'S DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed.  28 U.S.C. § 636(b).  The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).

B. Analysis

1. Motion to Expand the Record

Petitioner seeks to expand the record to add a sworn affidavit in support of his claims. The motion is ALLOWED and the court considers petitioner's affidavit in conjunction with other materials in the record.

2. Motion to Vacate

In petitioner's objections, petitioner reiterates arguments asserted in support of his claims, which arguments the M&R cogently and thoroughly addressed. Upon de novo review of the claims and the record in this case, including review of petitioner's affidavit and additional supplemental filings, the court adopts and incorporates herein as its own the M&R's discussion of petitioner's claims, finding that the M&R correctly determined that petitioner's claims lack merit, including claims regarding authority of the magistrate judge to consider petitioner's plea, as well as ineffective assistance of counsel at plea and sentencing. The court writes separately to address petitioner's claim of ineffective assistance of counsel at plea.

A plea colloquy affords the government "substantial protection against later claims that the plea was the result of inadequate advice." Missouri v. Frye, 566 U.S. 133, 142 (2012). "At the plea entry proceedings the trial court and all counsel have the opportunity to establish on the record that the defendant understands the process that led to any offer, the advantages and disadvantages of accepting it, and the sentencing consequences or possibilities that will ensue once a conviction is entered based upon the plea." Id. A plea colloquy enables the parties and the court to ensure "that the defendant has been given proper advice or, if the advice received appears to have been inadequate, to remedy that deficiency before the plea is accepted and the conviction entered." Id.

4

Thus, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Likewise, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 222. The court is "not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amount[s] to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty." Id. at 221.

Moreover, "in order to satisfy the 'prejudice' requirement [in the guilty plea context], the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "'Surmounting Strickland's high bar is never an easy task' in the guilty-plea setting." United States v. Dyess, 730 F.3d 354, 361 (4th Cir. 2013) (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)). "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 559 U.S. at 372. In this respect, petitioner's "subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." Id. at 361-62.

Petitioner contends his counsel was deficient in informing him that he could be sentenced only up to four years in prison, where he in fact was sentenced to 78 months in prison, and counsel

5

was deficient in failing to note a four-level enhancement to his base offense level set forth in the plea agreement. In light of petitioner's sworn statements at plea, however, petitioner has not established that counsel rendered ineffective assistance in advising petitioner in advance of his guilty plea. In particular, petitioner testified as follows regarding advise of counsel:

> Q Mr. Wright, sir, have you had the time to and have you,
> in fact, discussed your case with your attorney?
> A Yes, sir.
> Q Are you satisfied with Mr. Leonard's advice and counsel
> to you?
> A Yes, sir.

(DE 63 at 10). Petitioner also confirmed his reading and understanding of the plea agreement, following discussion with counsel:

> Q . . . Mr. Wright, sir, have you had an opportunity to
> read and to discuss this plea agreement with your attorney and
> did you, in fact, do so before you signed it?
> A Yes, sir.
> Q Mr. Wright, does this plea agreement represent in its
> entirety any and all agreements that you have with the United
> States and the United States Attorney?
> A Yes, sir.
> Q Mr. Wright, did you understand the terms, the language,
> the words, the sentences, even any legal phrases that are used in
> this plea agreement after you discussed it with Mr. Leonard?
> A Yes, sir.

(Id. at 14). The court confirmed further petitioner's understanding of the impact of the plea agreement:

> Q Mr. Wright, do you understand that if I accept a plea
> of guilty from you today, that you cannot later change your mind
> and ask for a trial?
> A Yes, sir.
> Q Have you answered all of my questions truthfully?
> A Yes, sir.
> Q Do you need any more time to think about your plea or
> to discuss your case with Mr. Leonard before going forward?

6

A   No, sir.

(Id. at 15).

Likewise, petitioner has not demonstrated that he was prejudiced by any predictions or advice given by counsel as to petitioner's potential sentence prior to pleading guilty, where the court explained to petitioner the operation of the guidelines and the court's consideration of factors under 18 U.S.C. § 3553, as well as the maximum penalties petitioner faced.  (See id. at 5-6, 11-13). Petitioner confirmed to the court that he understood the charges and the maximum penalties that he faced.  (See id. at 13).

Moreover, petitioner has not established that a decision to reject the plea bargain would have been rational under the circumstances. Petitioner faced ten serious felony counts, one of which carried a mandatory minimum five year term of imprisonment running consecutively to all other counts.  In contrast to his prospects at trial, the plea agreement promised dismissal that consecutive count and seven others, plus acceptance for reduction for acceptance of responsibility, and a more predictable sentencing outcome based upon the government's stipulations as to advisory guidelines factors.  In addition, petitioner's suggested defense arguments at trial based upon "evidence of police corruption" (DE 106 at 3), are not such a "likely . . . succe[ss]" as to call into question the reasonableness of counsel's advice to plead guilty, nor prejudice resulting therefrom. Hill, 474 U.S. at 59.  In other words, petitioner has failed to show that a decision to forego a guilty plea and proceed to trial would have been objectively reasonable in light of all the circumstances.  See id. at 59-60.

In his objections, petitioner argues that the magistrate judge erred by failing to take into consideration Lafler v. Cooper, 566 U.S. 156, 161 (2012) and Missouri v. Frye, 566 U.S. 133, 142

7

(2012). Lafler and Frye, however, do not alter the analysis in petitioner's favor. In those cases, petitioners sought habeas relief "when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome" than would have been available under a plea offer made by the government. Lafler, 566 U.S. at 160 (citing Frye, 566 U.S. 133). Here, petitioner has not established that the government could have or would have presented petitioner a more favorable plea offer. Moreover, in Lafler, the court did not have sworn statements by petitioner in the course of a plea colloquy, as here, which significantly altered the prejudice analysis by the court. See Lafler, 566 U.S. at 170; see, e.g., Frye, 566 U.S. at 143 ("When a plea offer has lapsed or been rejected, however, no formal court proceedings are involved.").

In sum, petitioner's claim of ineffective assistance of counsel at plea, in addition to petitioner's remaining claims addressed in more detail in the M&R, must be dismissed for lack of merit.

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. Petitioner's motion to expand the record (DE 109) is GRANTED; the government's motion to dismiss (DE 85) is GRANTED; and petitioner's motion to vacate, set aside, or correct his sentence (DE 68) is DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge